Minter v. Cupp.

MINTER, *Appellant*, v. CUPP.

1. **Deed of Trust:** ASSIGNMENT OF NOTE: EVIDENCE: BURDEN OF
   PROOF. Where a deed of trust is given to secure two notes, one
   for $300 and the other for $100, and is afterward marked upon the
   record by the payee as satisfied by payment of the debt in full, a
   person claiming to be the holder of the $100 note by assignment
   from the trustee who was attorney for the beneficiary, and who
   claims under a deed from the trustee for non-payment of the
   assigned note, has the burden of showing, in an action of eject-
   ment for the land, that the trustee had authority to assign the
   note, or that the assignment was afterward ratified by the payee
   of the note, and this is true notwithstanding the deed of trust
   makes the trustee's recital of non-payment *prima-facie* evidence
   of that fact, and that the provisions of the statute are to the same
   effect. (Laws 1881, sec. 1, p. 171.)

2. ——— : ——— : ———. The evidence being conflicting, the find-
   ing of the trial court that the assignment was without authority,
   and that the satisfaction was for the full amount will not be
   disturbed.

*Appeal from Chariton Circuit Court.*—HON. G. D.
BURGESS, Judge

AFFIRMED.

*Crawley & Son* and *A. W. Mullins* for appellant.

(1) The entire series of declarations asked by plain-
tiff should have been given. (*a*) The first embraces
every fact essential to plaintiff's case. The fact of
possession by defendant was admitted, so that the only
question was as to the title acquired by plaintiff under
the trustee's deed. By the express provisions of the
deed of trust, the trustee could only sell at the request
of the "legal holder of the note." A sale, therefore,
made "by virtue of the deed of trust and in pursuance
of its terms," as stated in this declaration, must neces-
sarily have carried the title. (*b*) The second declaration

embodies the very essence of plaintiff's case. Its correctness is placed beyond question by decisions of this court. The error of the trial court in refusing it is manifest. *Joerdon v. Schrimpf*, 77 Mo. 383; *Lee v. Clark*, 89 Mo. 553; *Hagerman v. Sutton*, 91 Mo. 519. (c) The third declaration should have been given. If Lingo was a stranger to the consideration, and his name was endorsed on the one hundred dollar note before its delivery to Minter & Christian, and with Cupp's consent; then Minter & Christian could not be affected by a payment made before the maturity of the note, without their knowledge, and to one not authorized to receive it. The principle is the same as in case of an unauthorized endorsement of the payee's name by the drawer of a bill of exchange, before its delivery to a third person. Bigelow on Estoppel (2 Ed.) 395; Bigelow on Bills and Notes (2 Ed.) 541, 567, 568, and cas. cit. Payment to a stranger and before maturity is no payment. Bigelow on Bills and Notes, 609; *Bates v. Martin*, 3 Mo. 259; *Joerdon v. Schrimpf*, *supra.* (d) The fifth declaration was a proper statement of the law and should have been given in connection with the fourth. A principal cannot affirm part and disaffirm part of the same unauthorized act of his agent; neither can his ratification extend or change the original transaction, so as to divest the rights of third persons depending thereon. 1 Parsons on Contracts (6 Ed.) 51, 52; *Strasser v. Conklin*, 54 Wis. 102; *Jefferson City Savings Ass'n v. Morrison*, 48 Mo. 273. (2) Both declarations on behalf of the defendant were erroneous and should have been refused. (a) The first is in substance a demurrer to the plaintiff's evidence. It wholly excludes from consideration of the court, as a jury, the question of Cupp's independent liability on the note, as well as the question of Lingo's subsequent ratification of the endorsement, leaving the case hinging on the proposition that because

the attorney had no authority at the time of the endorse-ment, *ergo*, "the finding must be for defendant." This is wrong and inconsistent with other declarations given. In trials by the court declarations of law are governed by the same rules as in jury cases ( *Cravens v. Gillilan*, 63 Mo. 28 ; *DeGraw v. Prior*, 53 Mo. 313 ), and must not be inconsistent, partial or conflicting. Thompson's Charging the Jury, p. 97, sec. 69, *et seq.* (*b*) Defend-ant's second instruction ignores his independent liability on the one hundred dollar note, making it depend upon the question of Lingo's ratification of Smith's endorse-ment. It also places the burden of proof upon the wrong party. The deed of trust and the statute both declare the recitations of the trustee as to the "non-pay-ment of the debt," etc., shall be taken as *prima-facie* evidence of the facts recited. The burden was on defendant. *White v. Stephens*, 77 Mo. 452 ; Laws 1881, p. 171, sec. 1.

*Sears & Guthrie* for respondent.

RAY, C. J.—This is an ejectment suit to recover possession of forty acres of land in Chariton county, in which, on trial, defendant obtained judgment, from which plaintiff has appealed.

Plaintiff, in support of his title, put in evidence a deed of trust, dated February 24, 1880, executed by defendant, conveying, among other land, the forty acres in controversy to O. F. Smith, as trustee, to secure to Lee Lingo, executor of Samuel Lingo, the payment of two notes, executed by said Cupp of same date as the said deed and delivered to said Lingo, whereby he promised to pay said Lingo four hundred dollars, one for three hundred dollars, due one year after date with ten per cent. interest, and one for one hundred dollars, due eighteen months after date, with ten per cent. interest from date. The said trustee was empowered, in default of payment of said debts and interest, to sell on notice

the land conveyed to pay said debts. and execute a deed
to the purchaser, and provided that any statement of
facts or recital by the trustee in relation to the non-pay-
ment of the money secured to be paid shall be received
as *prima-facie* evidence of such fact.    This deed was
filed for record the twenty-fourth of February, 1880,
and the following marginal entries were put in evidence
with the deed :

" The debt mentioned in this deed of trust has been
paid in full and the property conveyed therein is hereby
released January 24, 1881.

" LEE LINGO,

" Ex'r. Est. S. S. Lingo,

" Attest : W. C. APPLEGATE, Recorder."

" The note for $100, due eighteen months after date,
has not been paid, but was, on the 24th day of April,
1880, assigned and delivered to Minter & Christian, who
have the said note in their possession, and it nor any
part of same has been paid.    February 25, 1881.

" H. C. MINTER.

" JOHN R. CHRISTIAN.

" Attest :    W. C. APPLEGATE, Recorder."

Plaintiff also read in evidence a deed dated Septem-
ber 20, 1881, from said O. F. Smith, trusteee as aforesaid,
conveying the property covered by the said trust deed
of date February 24, 1880, hereinbefore mentioned, to
plaintiff.

The question involved in the trial below was as to
the ownership of the said note for one hundred dollars,
and the existence of the said debt in that behalf at the
time of the sale and to satisfy which the said sale under
the trust deed was claimed to be made.    The oral evi-
dence for plaintiff, which is given by said Smith and
said Minter, tends to show that the one hundred dollar
note, made payable to said Lingo, and included with
the three hundred dollar note in the trust deed, was in
fact given for a fee due from said Cupp to Minter &

Christian, who were his lawyers in a suit by Lingo, against Cupp to enforce a vendor's lien on land sold by said Lingo's father to said Cupp, being the eighty acres in controversy, and that the compromise of this suit, which was had, was in consideration of the three hundred dollar note only, the said note for one hundred dollars forming no part thereof. That the object of said Cupp and his said lawyers, Minter & Christian, was to save the making of additional conveyances, and to have the one deed of trust cover both notes, which was finally so arranged with Smith, who was the attorney of said Lingo, and that the forty-acre tract was included in the trust deed for the better security of said Minter & Christian. It is conceded by plaintiff that said Smith had no authority at the time from Lingo to make any compromise of said suit to enforce said vendor's lien, and no authority from Lingo at the time to assign the one hundred dollar note to Minter & Christian by endorsing Lingo's name thereon which had been done, but it is claimed, in this behalf, and the testimony of Minter and Smith tends to so show, that Lingo was subsequently apprised of the entire transaction, and upon explanation thereof, fully ratified and approved the same.

Minter further testifies that he and Christian were the owners of the one hundred dollar note, which remained in their hands unpaid, at the date of sale, and at the time the said marginal entry of satisfaction was entered of record by Lingo, which was done without their authority, and before the maturity of said one hundred dollar note.

The evidence, in defendant's behalf, given by defendant himself, and the said Lingo, tends to show that the one hundred dollar note, as well as the three hundred dollar note, was given by said Cupp to Lingo, the payee therein named, in compromise of the suit to enforce the vendor's lien, and not as a fee to his said

lawyers, and that said Lingo repudiated the compromise for the three hundred dollar note as soon as the same was reported to him by Smith, his said attorney therein, and that he continued to refuse to ratify the same. It is unnecessary to further recapitulate defendant's evidence, as it is conceded to be directly and irreconcilably in conflict with that of Smith and Minter given for plaintiff, as to all material and controlling particulars. So that the only questions before us, as is conceded, arise upon the court's action upon the declarations of law asked by the parties.

The first given for defendant is criticised, and is, we think, faulty in directing a finding upon the given facts for defendant, but it is, we think, apparent that the court's finding was not based upon the mere absence of knowledge or consent on the part of Lingo, at the time of the execution and assignment of the one hundred dollar note to plaintiff. This is manifest, we think, from declaration number 4, given for plaintiff, and the second given for defendant, from which it appears that the case was made to turn upon the finding of the court, sitting as a jury, as to the conflicting evidence in relation to the subsequent ratification by Lingo of Smith's unauthorized action, in compromising the suit and in accepting the note or notes, and in endorsing the one hundred dollar note over to plaintiff and Christian.

The second given for defendant declares that before the court can find for plaintiff it must believe from the evidence that at the time of the sale plaintiff and Christian were the owners of the one hundred dollar note; that although the court may believe from the evidence that said note was assigned to them by Smith, such assignment did not convey the title to plaintiff and Christian, unless the court finds that Lingo authorized Smith to make such assignment, or ratified the assignment after he had knowledge thereof, and that the

burden is on plaintiff to show such authority in Smith or ratification by Lingo.

Plaintiff claims and contends that the burden of proof is thereby put on the wrong party, by reason of the statutes (Acts 1881, p. 171, sec. 1) and provisions of the trust deed, hereinbefore noticed, making any statement of facts or recitals by the trustee, as to the non-payment of the money to be secured, *prima facie* evidence. Plaintiff not only offered in evidence the trust deed aforesaid and the deed of the trustee under said sale to plaintiff, but also introduced oral evidence, briefly mentioned above, and which shows that his claim upon the one hundred dollar note is not in virtue of being the payee therein named or by the usual and ordinary transfer thereof, and that he does not occupy in some respects the position of the ordinary purchaser at such trust sales. Mr. Smith, who is the trustee making said recitals in his deed to plaintiff, testifies that acting for what he deemed the best interest of his client Lingo, he made the said compromise upon his own responsibility and without Lingo's authority, and that understanding Lingo to be a mere nominal party to the one hundred dollar note, he endorsed the said note in Lingo's name to plaintiff and Christian ; that his client, upon a report of the matter, repudiated the settlement, but afterwards ratified his said action in the premises.

Plaintiff undertakes, by his said oral evidence, to show that the deed of trust, under which he claims title, does not express and recite the real facts of the said transaction, in this, that said one hundred dollar note was not in fact executed and delivered as therein recited to Lingo, the payee thereof, and that this one hundred dollar note formed no part of the sum which was to be paid Lingo, as recited in the trust deed, but was given as a fee to his said lawyers and made payable to Lingo and included in said trust deed given to secure Lingo to

avoid the expense and trouble of two sets of conveyances. Defendant's oral evidence, as is conceded, is directly to the contrary as to all of the material facts of the controversy.

As already said, the controlling question in the case was as to ownership of the one hundred dollar note offered in evidence. Plaintiff and Christian confessedly did not acquire title thereto in virtue of Smith's unauthorized assignment thereof, and their claim in this behalf rests upon the alleged ratification with respect to which, under the facts and circumstances of the case, plaintiff had, we think, the burden of proof, as the second declaration declares.

Other questions, upon the declarations are raised by plaintiff, such as error alleged in the refusal of the fifth asked by plaintiff. The evidence shows that Lingo collected four hundred dollars, the amount of both notes secured by said deed of trust, and acknowledged satisfaction thereof on the margin of the record. This may have amounted, as the refused declaration holds, to a ratification of Smith's action in compromising said suit, but there were two theories as to Smith's action in respect to said compromise, the plaintiff's being that Smith settled the suit of Ligo against Cupp for the sum of three hundred dollars, and that Cupp only gave the said three hundred dollar note secured by the deed of trust to Lingo, whereas the defendant's theory as shown by the evidence in his behalf, was, that defendant agreed to pay Lingo four hundred dollars and evidenced said agreement by the execution of the three hundred dollar note and the one hundred dollar note in controversy, as is recited, in the trust deed. Whether the compromise was the one way or the other, it was, in either event, as we have seen, unauthorized by Lingo in the first instance. His said conduct in afterwards collecting the four hundred dollars, the amount of both notes secured by the trust deed, and in satisfying the trust deed by

Crumpley v. The Hannibal & St. J. Ry. Co.

said marginal entry upon the record, ratified and confirmed the transaction, as defendant says it was, and as the court upon conflicting evidence has found it to be. The finding of the court under the declarations of law given in the cause involved the whole evidence as to the controlling questions in the case, which were, as we apprehend them, whether the one hundred dollar note was an undertaking on the part of Cupp to pay said sum to Lingo as part of the consideration for said land, or whether it was an independent undertaking to pay the same as a fee to his said lawyers and whether the said compromise, which both sides say was repudiated in the first instance, was afterwards ratified as plaintiff claims. With these views, we find no error to the plaintiff's prejudice in the court's action upon the declarations of law, and are therefore bound and concluded by its said finding of the facts in the case.

The judgment is therefore affirmed. All concur.